Good afternoon, and I've reserved five minutes of my time for rebuttal. The district court here committed reversible error in two ways. First, in its analysis of what evidence is intrinsic in this case, and its finding that all evidence of Mr. Williams' tax history, including the debt that was unpaid, the existing tax debt at the time Mr. Timothy, the co-conspirator, was hired, was extrinsic to the conspiracy count. And also, the district court committed reversible error with respect to its Rule 404B analysis and Rule 403 analysis about whether there were any permissible uses for evidence of I want to start with that intrinsic-extrinsic analysis. This court has said that evidence is intrinsic to a conspiracy account when it helps show how the conspiracy came about, the participants' roles in that conspiracy, and what the conspiracy's goal was. This evidence— In the district court, though, there seems to be maybe a disagreement about what the district court actually excluded, and it's a strange disagreement because you're saying it excluded more than I think they're saying it excluded. I mean, as I read it, Judge Feldman said, you could introduce the fact that he goes to Timothy with these prior tax liabilities, and even the fact that what those liabilities were, and just that you couldn't get into the other issues like the late filings and the civil correspondence with the IRS, you know, about the civil dispute. What do you see the scope of the order being? I—it is not disagreement, Your Honor. Why wouldn't you take the other side's—why wouldn't you agree with what they're saying? Well, I would like it to be read that way, but I read it to exclude evidence of Mr. Williams' tax delinquencies. You have the summary of what's being excluded at the end saying, evidence of his civil tax history from 2002 until Timothy is hired. Now, that's got to include, right, the active lien. That's got to include— Well, I took that to mean the correspondence back and forth, but not saying he owed X number of dollars in 2008, and that's what he went to the accountant for, and that's what the accountant helped ginny up these fake deductions for business expenses. Of course, the government welcomes, you know, clarification by this Court as to what exactly is the scope of that order, and if it does not include evidence of the existing tax debt at the time that Mr. Williams approaches Mr. Timothy, including the fact of this lien, right? The active lien is important. That is the thing here that attaches to Mr. Williams' property, and his—he is—the game has been escalated at that point. He has a judgment on property, the property will be seized unless he finds a way to resolve these debt issues, and so the existence of that lien is as important as the existence of debt in general. The existence of the lien, I mean, to build on Judge Costa's point, seems to be envisioned by what the Court said. In other words, the Court said the genesis of the conspiracy is fair game, and, I mean, to me, the order strikes me as maybe a classic general ruling. This is in and this is out, with the more specific rulings maybe coming at trial to specific objections or, you know, framing it up, I guess, in a more granular basis. How's that an abuse of discretion? Tell me if I'm misreading the order or tell me if I'm— Again, to the extent that the Court reads the order to allow that evidence in, then that's—the government welcomes that clarification. I'll tell you, Your Honor, my concern with evidence of the lien being admissible under this order is when the district court says, you know, the government goes so far to say that even actions by the IRS may help show Mr. Williams' willfulness in this case, and, you know, and that lien is very much an action by the IRS. But it is clearly, you know, has a permissible purpose towards motive and clearly serves a role in explaining why this conspiracy is coming about and what Mr. Timothy's first job in this conspiracy is. But again, Your Honor, to the extent the Court reads this as allowing evidence of that existing tax debt and evidence of that lien as intrinsic evidence of the conspiracy or evidence that's admissible under Rule 404B for a permissible purpose, the government welcomes that clarification. It is a very odd disagreement here where we've got each side arguing sort of against itself. But there is a—I'm sorry, go ahead. There is a difference between the existence of the lien in 2011 versus the back-and-forth in the history with the IRS between 2002 and 2012, right? I mean, there's a difference. Absolutely, Your Honor. And that's why I think in the government's brief here, we've elected to argue that this other stuff, right, the fact of late filings generally, the fact of late payments generally, the disputes with the IRS in correspondence, including this statement that he'd lost his business expense records for certain years, that he then provides an accounting of business records to Mr. Timothy, that's Rule 404B evidence, you know? That's what we are arguing here, that there are permissible purposes for the fact of Mr. Williams' late filings and non-filings. I'd like to talk about those now. One of them is planned— And, of course, you still have the 403 balancing, right? Absolutely, Your Honor. Absolutely. At the end of the day, you do have to come to the Rule 403 analysis. So let's say, Your Honor, that there is a permissible purpose for this evidence. Let's say that evidence of Mr. Williams' late filing and non-filing helps tell the story of plan and preparation, or his correspondence with the IRS about business expense records helps show his knowledge of how these Schedule C expenses works, or helps rebut this good faith compliance defense. I'm sorry, but the 403B, Judge Feldman said, even accepting there's some probative value for the government of this, it's outweighed by the confusion. He tried cases for decades. Why isn't getting into all these issues about filing late and the civil correspondence with the IRS about civil penalties, it does seem that that would confuse—I mean, I would actually think you'd want to put on a clean case. It just seems tax cases are complicated for juries to begin with, and then you throw in another decade worth of 404B late filings, and it just seems like it was well within the district judge's discretion to say that's going to confuse things and extend the trial unnecessarily. Yes, Your Honor. A couple of points about Rule 403 here. One is the fact that I think as the government suggests in its briefing, you've got these permissible uses that aren't expressly discussed in the opinion, and there's no indication they've been analyzed the same way that just does this help show intent does. So you've already got this issue as is the full scope of the probative value of this being considered under this Rule 403 balancing test. But then the potential for prejudice cited in the opinion, the risk of a mini-trial or the risk of juror confusion, there's no dispute that this conduct took place, right, that Mr. Williams did these late filings, these non-filings, had this correspondence with the IRS. So in a sense, you're not having to prove anything extra. We're disputing the significance of a piece of evidence the same way you would any piece of Rule 404B evidence. So the risk of this sprawling outward, when the government said this is going to require one witness, I think is minimal, and especially when this evidence is very important to the government's case because, again, you're dealing with a conspiracy here, a white-collar conspiracy generally, where you have to rely on circumstantial evidence of intent. You have to tell a story with evidence of motive or plan of preparation. But there's also this good-faith reliance defense out there, right? The defendants are going to say, you know, as part of their defense that Henry Timothy is the bad actor here and Mr. Williams' fault is, you know, relying on good faith on him. Ms. Burdette's fault is relying on good faith on Mr. Timothy. And when you have that argument and you're unable to undercut that with this evidence of plan and preparation, this evidence suggesting motive, this evidence suggesting knowledge of Mr. Williams' Schedule C expenses, and really Mr. Williams' personal involvement over this decade period with the IRS, you know, about his tax issues, the jury hears that, right? And they're able to, it's almost a rule of completeness problem. Then they're able to understand and evaluate this good-faith reliance. I understand that point. And this brings up, I think Judge Wilson touched on this. To me, part of the difficulty here, this type of 403 and 404, this often comes up, judges are making these rulings often in the middle of trial. I think it's very difficult, you know, this goes to what does the order really mean? Well, until you're in the middle of a trial with exhibits actually being offered, how far does it extend? It's not entirely clear. Likewise, I mean, do you read this order as preventing, I don't, or let me ask you, is it an ironclad ruling that you can never get into his late filings, for example? If their defense ends up turning, as you say, on some completely good-faith, you know, we relied completely on the accountant, can't you then say, well, Your Honor, we re-urge, Your Honor, we re-urge the introduction of this because now they've, as people say, they've opened the door. I mean, how conclusive is this ruling? The ruling is final in the sense that, you know, a ruling is final under 3731, able to re-argue your points. But this good-faith reliance defense is not something that, you know, the district court was unaware of, right? I mean, it's throughout the record. There's no secret that that's going to be the defense. And so in that respect, right, I don't think it's something that re-urging later down the road would have had any benefit because everyone knew that this was going to be the defense. You know, everyone knows that Mr. Timothy is going to testify. And as a result, I don't think that sort of the calculus was too unsettled here that there needed to be a, just taking this and re-urging it in the middle of trial. But to your point, Your Honor, how these usually come up in the middle of trial, nothing here would prevent the district court from, if this evidence is admissible to permissible purposes, right, under Rule 404B or as intrinsic evidence, from still doing a Rule 403 or Rule 611, you know, undue delay-type exclusion once the government's proven its point as to these permissible uses at trial. So, you know, this evidence becoming admissible, you know, per this court's ruling would not prevent the district court from then saying, all right, government, you know, you were able to introduce this to show knowledge, you were able to introduce this to show motive, you've proven your point, let's move on. So you still have, as a district court, the ability to address these delay concerns. And as far as juror confusion concerns, again, this evidence, there's not going to require an in-depth, you know, discussion of civil burdens and the difference. There's no dispute that this conduct occurred. And we're just arguing. But if the confusion of is he on trial for filing late in 2007 or for, you know, reverse what happened in 2013, I mean, I have a lot of experience with these types of cases. I don't find it so easy, and so put yourself in a juror's shoes. Yes, Your Honor, but if you're left with confusion as being the sole concern for exclusionist evidence under Rule 403, right, the Rule 404B juror instructions explain that this evidence is not evidence, is not what he's being charged with. You're not to convict a defendant because of these acts, you know, a bad guy then, so a bad guy now. And we have to presume, right, that jurors understand and follow those instructions. It's an instruction given commonly when jurors hear about prior criminal conduct. We're talking about prior civil conduct in this case. So in that instance, when you're left with just the risk for juror confusion, especially when there was not an explicit discussion of these other permissible uses and acknowledgment of the importance of this evidence, the probative value, the need for it for the government's case when you have this good faith reliance defense floating out there, again, a juror hears that, you know, Timothy is a bad guy, you know, he's committed tax fraud, and Mr. Williams just, his only sin in this case was relying on this supposed expert, and the government's unable to then provide this evidence that paints a full picture, again, it's almost a rule of completeness. For the jury— Sorry to interrupt you, but this sounds like a very, very good district court argument. But we're not reviewing this fresh, we're not reviewing this anew, so where's the abuse of discretion? I mean, the court says, at the end of the order, page 57, with the proviso that evidence at trial may change the complexion of what informs these rulings, it is ordered that. Where's the abuse of discretion? I think the abuse of discretion comes in here two-fold, right? You have the intrinsic analysis, and this evidence not being called intrinsic, even though it fully fits the definition, and then you have the failure to acknowledge some of these other Rule 4 permissible uses, coupled with an application of sort of, well, is this conduct that you're trying to introduce similar enough to the conduct here to help prove intent? That's not the BCHM standard, it's all about state of mind, and those conduct concerns may have a bearing in Rule 4.3 analysis, but not that first step, is it a permissible use? And that's an error of law, the misapplication of that first step, that would be an abuse of discretion. But if you win there, intrinsic versus extrinsic, even if you lose there and you win 404B, and if you lose at 403, that's a balancing, I mean, again, where's the abuse of discretion? You sort of have to string the hurdles, right? Multiple hurdles, Your Honor, correct. The Rule 403 analysis, when you get to that point, right, let's say that you've accepted there's an error with the Rule 404B analysis, you're left with a Rule 403 analysis that doesn't acknowledge these other permissible uses, including not expressly acknowledging this good faith reliance absence of mistake use. And when you don't have that in the calculus, in the weighing of does these potential for unfair prejudice substantially outweigh the probative value, again, it's a rule that is inclusiveness, presumes admissibility, it is hard to rely solely on that Rule 403 analysis when you don't have the whole bucket of what this evidence is probative to in your probative side of the weighing. And with that, I want to thank the Court. You've saved time for a bubble. Thank you, Mr. Phillips. Gibbons? Good afternoon. May it please the Court, Billy Gibbons for Jason Williams. First off, I would like to say that I think we are exactly on the same page with the Court's ruling as Judge Costa and Judge Wilson, you described it. I mean, I do think that what the district court held is that everything related to Henry Timothy comes in, including why he was hired, when he was hired, you know, the reasons that Mr. Williams went to see him. And I think that really takes care of almost all of the intrinsic part, you know, the government's intrinsic arguments are really, they are included and they are coming in. And what, and I think what does make this an unusual and somewhat difficult appeal is that what, in some ways, this is almost, it's almost like a motion for reconsideration because the Court, Judge Feldman was reacting to the specific arguments that were being made to him at the time. And primarily it was, we want to use this 2002 to 2010, you know, past conduct to prove that Mr. Williams knew the tax rules and knew about Schedule C deductions. And I think that is what concerned Judge Feldman the most because that is where I think you see where he made the distinction and where he, why he drew the line where he did. Because what's charged here is an intentional, you know, instructing the tax preparer to take fraudulent deductions. And so he's letting in everything to do with that and where he drew the line was what he did with the college in Acts which would be, you know, the late filing, the, you know, the tax liens, things that, and things that are going back to 2002. And the second . . . What about the evidence about lying to the IRS? First of all, Judge, I would say that that is not, that notice about the Katrina records, is that what you're asking about, Judge? Yeah. That was nowhere in the 404B notice and that was mentioned during the oral argument. But it wasn't in the 404B notice. And that, you know, the government was very specific at page 16, 13 of the record. They laid out, you know, bullet points of everything they wanted to prove and there was no mention of that. So I would say that, you know, to fault the district court for not, you know, specifically addressing that when it really was, wasn't raised in the briefing, was barely mentioned at oral argument, I think that was something that has been made to be a much bigger issue now than it was. That would be subject then to a ruling at or during trial? Yes, sir. And I think much of this, that's exactly right, Judge, because there, many times throughout the ruling, including at the end as Judge Wilson pointed out, Judge Feltman said that this could all change depending on what happens at trial and, you know, what the evidence is. And so I think what the court was doing was, you know, making the ruling the best that he could at the time based on the arguments that were presented to him and he made a broad ruling that could be subject to change at time, change at trial, but broadly speaking, the ruling was that the Timothy stuff comes in, even the uncharged Timothy conduct, and then this, you know, civil tax history is not going to come in. And I think that, you know, whether you're looking at it as 404B under the Beecham test, and I do think Judge Feltman did apply Beecham and he did consider that, but even then if you go to 403, which has an even, you know, heightened discretion there, he was well within that to say that, you know, this tax case of, you know, returns from 2014 to 2018, I'm going to exclude conduct going back, you know, from 2002 more than 12 years before. And so I do think that it is not a, you know, there's nothing, you know, grossly erroneous about what the district court did and... Are you asserting a good faith defense that Williams doesn't know anything about taxes and basically is relying on Timothy for everything? Well, we're asserting, yeah, we're asserting a reliance defense. I mean, I don't know if that we would be able to go so far as to say he doesn't know anything. I put some color on it, but okay. But you are saying this was all the accountant's doing? Yes, sir. Yes, Your Honor. So, but of course, you know, I assume that Williams needs to at least review the tax form. So then why isn't it relevant to intent, knowledge that Williams had his own involvement with the IRS to show that he knows about tax law and knows about dealing with the IRS? Because I don't think any of that shows any knowledge of Schedule C deductions. And that's what the, I mean, the indictment is very specific, that he instructed this tax preparer to include fraudulent Schedule C deductions. And that's exactly where I think Judge Feltman drew that line, because he said what he was afraid of was, and it's pretty explicit in the opinion, is that the jury may see this defendant, someone who filed late, had some, had tax liens, had problems with the IRS, but so he must be somebody who would be willing to instruct his return, you know, his preparer to include fraudulent Schedule C deductions. But I think there's a very distinct difference between the 2002 to 2010 conduct. It has nothing to do with Schedule C deductions. It really has nothing to do with fraud. It's just late filings and liens. And so, you know, to even take that step under 404B, that it shows knowledge or anything else I think would be wrong, but then on top of it, we have the 403 concern that the jury may think exactly what Judge Feltman put in the order. And at this point, unless the court has any other questions, I would, I think I'll stop here. All right. Thank you, Mr. Gibbons. Thank you, sir. Phillips? Yes, Your Honor. Just briefly. Your Honor, I just want to start with the idea of this correspondence with the IRS over having lost business records and, you know, that not being in the written notice. There is certainly in the written notice a discussion of interaction with the IRS. And then this is, you know, elaborated on and made explicit at the in-person hearing. And the district court, in response to hearing about this, says this is not the years that we're talking about, correct? So district court's understanding this as within its realm of 404B analysis in this case and excludes it despite showing, you know, it almost shows knowledge on two fronts, right? It shows a knowledge of sort of Schedule C deductions, are these business expenses that can reduce my tax liability? But then it also sort of shows an awareness that when he later provides this list of business expenses to Mr. Timothy, he being Williams, provides this list, that he knows these are fraudulent. You know, it's almost intrinsic in that sense. Maybe it's outside the realm of 404B. And so, you know, moving past that, I want to talk about the idea of this evidence not really helping show knowledge in this case to rebut a good faith reliance defense. Again, the good faith reliance defense here is rebutted just by being able to show that Mr. Williams is actually very involved in his tax issues. So it strains, you know, credulity to think that he would give full reign to Mr. Timothy, step aside, and have no idea what was going on. That's not a propensity reasoning there. That's, look how involved this defendant is in his tax issues. It does not make sense that he would give the shot to his co-conspirator and have no idea what he was doing on his tax returns. The claim that the IRS records, or excuse me, the claim that his business records were lost in Katrina actually came in the context of Mr. Williams talking to the IRS about getting an abatement, a delay on due payments. I mean, he's very involved in his tax issues. And I want to close here talking about this idea that the evidence does not have a valid basis for intent. I think this court in the United States v. Heard was very clear about what feature means when it says the same state of mind is required. It's acting with the same deliberate purpose. In Heard it was simple. You had this extrinsic bankruptcy fraud, the goal of which was to evade taxes, to avoid paying taxes. In this case, you have these deliberate actions, the goal of which is to avoid taxes. You have the same state of mind in the charge conduct and the rule of court will be evident. So it does link up with intent as a permissible use, setting aside all these other things, motive, knowledge, absence of mistake. And motive is separate from intent too, Your Honors, because it helps tell a story. Jurors don't want to hear just that their defendant did something. Don't just prove to me that this occurred. Show me why it occurred. And for that reason, being able to rebut this good faith reliance defense and explain the what is going on when Mr. Timothy comes into the conspiracy, the problems that Mr. Williams is having, is crucial to the government's case. And with that, unless the Court has questions, I will rest. Thank you, Mr. Phillips. Your case is under submission. The remaining case for today.